**Electronically Filed
Intermediate Court of Appeals
CAAP-13-0000202
20-SEP-2016
08:14 AM**

NO. CAAP-13-0000202

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

PATRICK KEKOA PALMER, Plaintiff-Appellant, v.
HENRIANN PUUALOHA PALMER, Defendant-Appellee

APPEAL FROM THE FAMILY COURT OF THE THIRD CIRCUIT
(FC-D NO. 03-1-0051K)

SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J., Foley and Reifurth, JJ.)

This appeal arises out of a motion for post-decree relief for the enforcement of a December 8, 2010 order enforcing the payment of post-high school education expenses, which resulted from the divorce of Plaintiff-Appellant Patrick Kekoa Palmer (**Father**) and Defendant-Appellee Henriann Puualoha Palmer (**Mother**). Father appeals from the January 4, 2013 "Order Re: Defendant Henriann Puualohba [sic] Palmer's Motion for Post-Decree Relief," entered in the Family Court of the Third Circuit[1] (**family court**).

On appeal, Father contends the family court abused its discretion when it ordered him to pay both child support, which includes the cost of food and shelter, and the room and board portion of Child 2's education expenses.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as

---

[1] The Honorable Aley K. Auna, Jr. presided.

well as the relevant statutory and case law, we conclude Father's appeal is without merit.

On April 10, 2012, the family court entered the "Order After Hearing on March 7, 2012" (**April 10, 2012 Order**), which states that "[o]n or before the first day of each calendar month [Father] shall pay child support in the amount of $493.33 directly to [Child 2] . . . ." At this time Child 2 was attending college full time. The April 10, 2012 Order did not specify that child support payments were for or in lieu of post-high school education expenses.

On December 8, 2010, the family court entered the order Re: Defendant's Motion and Affidavit for Post-Decree Relief Filed August 16, 2010" (**December 8, 2010 Order**), which states that "Father shall pay half of all post-High School education expenses[,]" and does not state that the post-high school education expenses is a substitute for child support as suggested by Father. Education expenses were "defined to include tuition, room and board, books and fees."

Father contends the family court erred in requiring him to continue to pay child support because the family court's orders "did not require that the child support continue after the child reached the age of majority or graduation from high school, [and therefore] . . . child support terminated when the child graduated from high school."

With regard to child support enforcement, an "administrative order shall remain in effect until superseded by a subsequent court or administrative order." Hawaii Revised Statutes 576E-12(c) (2006 Repl.). An "Administrative Findings and Order" dated June 23, 2010 (**June 23, 2010 Administrative Order**) and issued by the Office of Child Support Hearings of the Department of the Attorney General states,

> Responsible Parent shall pay child support . . . . Support shall remain in effect until the subject child is/are age 18, or age 23 provided said child is in high school, or enrolled as a full-time student or has been accepted into and plans to attend as a full-time student for the next semester to an accredited educational or vocational institution.

Additionally, the April 10, 2012 Order, which allowed Father to pay child support directly to the adult child states

that "[a]ny and all prior orders of the court and the [Child Support Enforcement Agency] not amended or modified herein shall remain in full force and effect." This would include the December 8, 2010 Order stating that Father shall pay half of Child 2's post-high school education expenses, "including tuition, room and board, books and fees."

Contrary to Father's contention, the June 23, 2010 Administrative Order provided for child support past the age of majority or graduation from high school, if the child was or intended to become a full-time student at an accredited educational or vocational institution. This was in addition to the education expenses which father was also ordered to pay.

The family court did not abuse its discretion when it granted Mother's post-decree motion to enforce its December 8, 2010 Order concerning Child 2's education expenses.

Therefore,

IT IS HEREBY ORDERED that the January 4, 2013 "Order Re: Defendant Henriann Puualohba [sic] Palmer's Motion for Post-Decree Relief," entered by the Family Court of the Third Circuit is affirmed.

DATED: Honolulu, Hawai'i, September 20, 2016.

On the briefs:

Gerald W. Scatena
for Plaintiff-Appellant.

Joanna Sokolow
(Legal Aid Society of Hawai'i)
for Defendant-Appellee.

*Craig H. Nakamura*
Chief Judge.

*Daniel R. Foley*
Associate Judge

*Lawrence M. Reifurth*
Associate Judge

3